UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE DENISE LINGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-112 CAS |
| ) | |
| JOHN POTTER, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff did not file a response. For the following reasons, the Court will grant defendant's motion.

**I. Background**

Michelle Lingo filed this action under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). In her complaint, Lingo asserts that she was discriminated against based on sex because her employer, the United States Postal Service ("Postal Service") failed to promote her and she was sexually assaulted at work. Plaintiff asserts that the sexual assault occurred on August 7, 2001. The Postal Service filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff has failed to exhaust her administrative remedies.

**II. Standard**

The Court must first determine whether defendant's motion should be analyzed under Rule 12(b)(1) or Rule 12(b)(6). Administrative prerequisites to court actions for employment

discrimination are not of a jurisdictional nature, and therefore plaintiff's complaint is not subject to dismissal for lack of subject matter jurisdiction. See Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999). The Court will therefore consider defendant's motion under standards applicable to Rule 12(b)(6).

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002)

Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Plaintiff attached a copy of her Information for Pre-Complaint Counseling Form to the complaint.

### III. Discussion

As a federal employee, plaintiff is subject to the "federal employment" provisions of Title VII, which contemplate that each federal agency will establish procedures for the processing of discrimination complaints. 42 U.S.C. § 2000e-16(b). EEOC regulations require that employees of federal agencies who believe they have been discriminated against must consult an EEO Counselor prior to filing a complaint in order to try to informally resolve the matter. See 29 C.F.R.

§ 1614.105(a). Such employees must initiate contact with a counselor within 45 days of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action. See 29 C.F.R. § 1614.105(a)(1). This requirement is interpreted as a statute of limitations and not as a jurisdictional prerequisite. See Briley, 172 F.3d at 570. An extension of the time limit may be available if the plaintiff shows that despite due diligence she was prevented by circumstances beyond her control from contacting the counselor within 45 days. See 29 C.F.R. § 1614.105(a)(2); Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

The Postal Service asserts that Lingo made her first EEO contact by filling out an Information for Pre-Complaint Counseling Form and requesting an appointment with a Dispute Resolution Specialist on February 25, 2002. (Compl. Ex. A). Plaintiff's Pre-Complaint Counseling Form stated that she was sexually assaulted by another employee in a work site elevator, the incident was covered up by her supervisors, and all requests for transfers, OWCP coverage, counseling, and recovery of lost time, wages, and benefits were ignored by her supervisors. (Compl. Ex. A).

The Court finds that Lingo's complaint should be dismissed. Lingo's complaint asserts that the sexual assault, which was the subject of her Information for Pre-Complaint Counseling, occurred on August 7, 2001. Plaintiff did not initiate EEO contact until February 25, 2002, more than forty-five days after the alleged discriminatory action. Therefore, the Court will dismiss plaintiff's complaint for failure to exhaust administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [Doc. 3].

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>19th</u> day of May, 2005.